UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN C. CHUBB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:12-CV-168 JD |
| | ) |
| CAROLYN W. COLVIN | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court is a motion by Plaintiff's counsel for approval of attorneys' fees pursuant to 42 U.S.C. § 406(b). [DE 36]. Plaintiff John C. Chubb brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security [DE 1]. The Court found in Plaintiff's favor and remanded the case to the Commissioner for further proceedings [DE 13]. Plaintiff then filed a motion for attorney's fees under the Equal Access to Justice Act, to which the Commissioner did not object, so the Court awarded $6,123.33 in in EAJA fees and expenses to Plaintiff [DE 20].

On remand to the Commissioner, the Commissioner found in Mr. Chubb's favor and awarded him benefits from November 4, 2008 through September 13, 2011, after which he was already receiving benefits through a separate claim. Those past-due benefits apparently amounted to $61,927, as the Commissioner withheld 25% of the award, or $15,481.75, for payment of attorneys' fees. Mr. Chubb's counsel then filed the instant motion pursuant to 42 U.S.C. § 406(b), seeking the Court's authorization of a payment of $15,481.75 of attorney fees pursuant to his contingent-fee agreement with Mr. Chubb, subject to their refunding their EAJA fees to Mr. Chubb. The Commissioner has no objection to counsel's request.

## I. LEGAL STANDARD

Fees for representing social security claimants, both administratively and before the federal court, are governed by 42 U.S.C. § 406. *Gisbrecht v. Barnhart*, 535 U.S. 789, 793, 795–96 (2002). Section 406(a) controls fees for representation in administrative proceedings and § 406(b) controls attorney fees for representation in court, and the combination of these fees cannot exceed 25% of a claimant's past-due benefits award. *Id*. Unlike fees obtained under the EAJA, the fees awarded under § 406 are charged against the claimant, not the government, and the fee is payable "out of, and not in addition to, the amount of past-due benefits." *Id*. (citing 42 U.S.C. § 406(b)(1)(A)). Thus, under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment . . .". *Id*. Moreover, § 406(b) has been harmonized with the EAJA. Specifically, "Congress provided authority for awarding fees for the same work under 42 U.S.C. § 406 and the EAJA in the 1985 EAJA amendments, so long as the smaller fee is refunded to the client." *Ward v. Sullivan,* 758 F. Supp. 1312, 1315 (E.D. Mo. 1991); *see also Gisbrecht*, 535 U.S. at 796 (explaining that "an EAJA award offsets an award under Section 406(b)"); *Hanrahan v. Shalala,* 831 F. Supp. 1440, 1452 (E.D. Wis. 1993) ("[W]hen attorney's fees are awarded under both the SSA and the EAJA for the same services, an attorney is entitled to keep the larger fee but must return the smaller fee to the claimant.").

Furthermore, the court is required under § 406(b) to review for reasonableness the attorney fees yielded by contingent-fee agreements. *Gisbrecht*, 535 U.S. at 809. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.

> Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered . . .
>
> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.

*Id*. at 807–08 (citations and footnotes omitted).

## II. DISCUSSION

Here, Plaintiff's counsel request that the Court authorize under § 406(b) the payment of attorney fees in the amount of $15,481.75 pursuant to the contingent-fee agreement for their representation of Mr. Chubb, subject to their refunding to Mr. Chubb the EAJA fee of $5,773.44. Counsel spent 32 hours litigating this matter, so under a lodestar approach, this would equate to $483.80 per hour. While this may seem excessive at first glance, the contingent nature of the fee brings it well in line with reasonable fees for this type of work. The Seventh Circuit has estimated that 34.95% of social security cases that are appealed to the federal courts result in the claimant's receipt of benefits. *Martinez v. Astrue*, 630 F.3d 693, 695 (7th Cir. 2011). When multiplying the hourly rate in this case by the general rate of success, the effective hourly rate becomes $169.09, which is slightly less than the hourly rates that are commonly awarded under the EAJA.[1] Counsel's extensive experience in this practice area and the result they achieved for their client also support the reasonableness of their fee request. Finally, counsel did not engage in any sort of delay in prosecuting this matter, such as might improperly increase the amount of

---

[1] Granted, this does not take into account cases where the district court remands the case but the Commissioner again denies benefits, in which case the attorneys may receive fees under the EAJA even though they will not receive a portion of the past-due benefits. However, this calculation still tempers the otherwise-excessive appearance of the rate.

past-due benefits upon which their contingency fee would be calculated, and did not request any extensions of time to file their brief, even though one or more extensions of time are frequently sought in these matters.

Therefore, considering the above factors, along with the Commissioner's lack of objection and fact that other district courts have found similar awards to be reasonable, the Court concludes that counsel's request is reasonable and grants the request. However, as discussed above, and as counsel acknowledge, the lesser of the amount of attorney fees awarded under § 406(b) and under the EAJA must be refunded to the claimant. Therefore, while the Court awards counsel $15,481.75 in fees under § 406(b), it also orders him to refund the award of EAJA fees, or $6,773.44, to Mr. Chubb. *See Gisbrecht*, 535 U.S. at 796.

### III.  CONCLUSION

Plaintiff's counsel's petition for attorney fees pursuant to 42 U.S.C. § 406(b)(1) [DE 21] is GRANTED.  The Court ORDERS that payment by the Commissioner in the amount of $15,481.75 be paid directly to Plaintiff's counsel, Charles E. Binder.  The Court further ORDERS counsel to refund Mr. Chubb $5,733.44 upon receipt of this sum.

SO ORDERED.

ENTERED:  February 9, 2015

/s/ JON E. DEGUILIO
Judge
United States District Court

4